## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**DARRYL PAYNE dba**
**DARRYL PAYNE MUSIC,**
**an individual**

      **Plaintiff,**

v.

**ESSENTIAL MEDIA GROUP, LLC**
**a Florida limited liability company, RAMA**
**BARWICK, an individual, PAUL KLEIN,**
**an individual, SHARON KLEIN, an individual,**
**and THE ORCHARD ENTERPRISES**
**INC., a Delaware corporation.**

      **Defendants.**

**CASE NO.: 24-cv-21119-RAR**

_____/

## VERIFIED AMENED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, DARRYL PAYNE dba DARRYL PAYNE MUSIC, ("Payne" or "Plaintiff"), an individual, by and through his undersigned counsel hereby files this Verified Amended Complaint against Defendants, ESSENTIAL MEDIA GROUP, LLC ("ESSENTIAL MEDIA GROUP"), a Florida limited liability company, RAMA BARWICK ("BARWICK"), an individual, PAUL KLEIN ("P. KLEIN"), an individual, SHARON KLEIN ("S. KLEIN"), and THE ORCHARD ENTERPRISES, INC. ("THE ORCHARD"), a Delaware corporation (collectively, "Defendants"), and alleges the following as grounds:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking monetary relief for Defendants' intentional infringement of Plaintiff's rights in the copyrighted work registered under Registration Number PA0000222689 (the "Copyrighted Work").

2.     Plaintiff is a well-known music producer, who has been in the industry for over four decades and is the owner of thousands of audio and video recordings of performances by several major recording artists. Additionally, he is a part owner of the legal interest in the Copyrighted Work.

3.     Upon information and belief, Defendant Essential Media Group is a record label and music publisher engaged in business in Miami-Dade County and Broward County, Florida. *See* Exhibit "A" attached.

4.     Upon information and belief, Defendant Barwick is a Managing Member of Defendant Essential Media Group and resides in this district. *Id.*

5.     Upon information and belief, Defendant P. Klein is a Managing Member of Defendant Essential Media Group and resides in this district. *Id.*

6.     Upon information and belief, Defendant S. Klein is a Managing Member of Defendant Essential Media Group and resides in this district. *Id.*

7.     Upon information and belief, Defendant The Orchard, is a music distributor and label service company operating an office in Miami, Florida, which specializes in the marketing, sale, and distribution of music, video, and film for record labels and recording artists in the United States and around the world. *See* Exhibit "B" attached for a true and correct screenshot of https://www.theorchard.com/distribution/#offices, a webpage stemming from Defendant The Orchard's website, https://www.theorchard.com/.

8.     Without permission, license, or consent, and in an effort to promote their own respective businesses, Defendants, individually and/or collectively, or through their agents, improperly copied, displayed, and distributed the Copyrighted Work, making the song subject to

2

the copyright available to be listened to and downloaded minimally on/via Youtube.com. *See* Exhibit "C" attached.

9.      Further, Defendants, individually and/or collectively, or through their agents, did not seek to compensate Plaintiff for the infringing use of the Copyrighted Work.

10.     By this action, Plaintiff seeks actual damages, plus any additional profits obtained by Defendants and their agents that are attributable to these infringements or, in the alternative, statutory damages for infringement of Plaintiff's Copyrighted Work.

## JURISDICTION AND VENUE

11.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

12.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over Defendant Essential Media Group as it is incorporated in the State of Florida, has a principal place of business in the State, and has solicited and conducted business in the State and in this judicial district.

14.     This Court has personal jurisdiction over Defendant Barwick as an individual who resides in this district and has committed the acts of infringement complained of herein within this district.

15.     This Court has personal jurisdiction over Defendant P. Klein as an individual who resides in this district and has committed the acts of infringement complained of herein within this district.

16.     This Court has personal jurisdiction over Defendant S. Klein as an individual who resides in this district and has committed the acts of infringement complained of herein within this district.

17.     This Court has personal jurisdiction over Defendant The Orchard because, by admission, it maintains an office in this State and within this district, has conducted business in this State and this district, has directed its activities at residents of this forum, and the infringement complained of herein occurred in this State and within this judicial district.

18.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendant Essential Media Group resides in this district, Defendants' individually and collectively infringed Plaintiff's Copyrighted Work in this judicial district, and Defendants are subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORK AT ISSUE

### *It's alright / D. Payne, C. Peyton, J. Smith*

19.     In 1983, Plaintiff co-wrote and produced a musical work titled "It's alright / D. Payne, C. Peyton, J. Smith."

20.     On or about May 24, 1984, Plaintiff registered It's alright / D. Payne, C. Peyton, J. Smith with the Register of Copyrights. The Copyrighted Work was assigned Registration Number PA0000222689. *See* Exhibit "D" attached.

21.     On or about August 8, 1983, Darryl Payne executed an assignment of the Copyrighted Work to Warner-Tamerlane Publishing Corporation, Doraflo Music Publishing, and Darryl Payne Music. A copy of the assignment was recorded with the Copyright Office on December 27, 1984. *See* Exhibit "E" attached.

## FACTUAL BACKGROUND

22.     Plaintiff co-created the Copyrighted Work at issue as a songwriter and producer of the Copyrighted Work.

4

23.     The Copyrighted Work is wholly original and the result of the creators' creativity, including Plaintiff.  Moreover, the Copyrighted Work is fixed in either a digital media format or a physical format.

24.     Plaintiff is one of the owners of all rights, title, and interest in the Copyrighted Work, including all rights under copyright law.

25.     Even if not the exclusive owner, Plaintiff retains rights in the Copyrighted Work.

26.     Beginning in December of 2020, Plaintiff became aware that Defendant Essential Media Group and their agents were copying, displaying, and distributing the Copyrighted Work without authorization.

27.     On December 4, 2020, Plaintiff, via counsel, informed Defendant Essential Media Group of their infringement, noting specifically that while Plaintiff had licensed certain specified works to be exploited by Defendant Essential Media Group, the Copyrighted Work was not one of them. *See* Exhibit "F" attached.

28.     The December 4, 2020, letter was addressed directly to Defendant Barwick, whom Plaintiff has a good faith belief, personally participated in the infringing activity by approving, supervising and/or directing the copying, reproduction, distribution and otherwise exploitation of Plaintiff's Copyrighted Work.

29.     Upon information and belief, Defendant P. Klein and Defendant S. Klein also personally participated in the infringing activity by approving, supervising, and/or directing the copying reproduction, distribution and otherwise exploitation of Plaintiff's Copyrighted Work.

30.     Defendant Essential Media Group and Defendant Barwick ignored the notice of infringement provided and continued to copy, display, and distribute the Copyrighted Work.

31.     Thereafter, Plaintiff learned that Defendant The Orchard embarked on a similar course of infringement, by copying, displaying, and distributing the Copyrighted Work without Plaintiff's authorization or consent. *See* Exhibit "C" attached.

32.     None of the Defendants, and particularly, Defendant Essential Media Group, Defendant Barwick, Defendant P. Klein, and Defendant S. Klein, have ever had any rights in and/or to the Copyrighted Work.

33.     Moreover, none of the Defendants, and particularly Defendant Essential Media Group, Defendant Barwick, Defendant P. Klein, and Defendant S. Klein, compensated Plaintiff for the infringing use of the Copyrighted Work.

34.     Specifically, on or about November 15, 2011, Defendant Essential Media Group and Plaintiff entered into a licensing agreement, wherein Plaintiff granted the right to Defendant Essential Media Group, to exploit and distribute specific master recordings and compositions owned by Plaintiff ("Licensing Agreement"). The recordings and compositions subject to the Licensing Agreement were included and specified in an attachment labeled and referred to as "Exhibit A" in the Licensing Agreement. *See* Exhibit "G" attached.

35.     Defendant Barwick is a signatory on the Licensing Agreement on behalf of Defendant Essential Media Group.

36.     The Licensing Agreement is the only agreement in existence between Plaintiff and Defendant Essential Media Group.

37.     Because of the longstanding relationship between Plaintiff and Defendant Barwick, the masters included in the Licensing Agreement were mixed with other masters owned by Plaintiff.

38.     Instead of waiting for Plaintiff to separate the masters covered by the Licensing Agreement, to expediate their ability to use the masters included in the License Agreement, defendant Barwick offered to go through Plaintiff's masters and pull out the masters covered by the License Agreement and because of their prior relationship, Plaintiff agreed.

39.     Upon information and belief, Defendant Barwick kept copies of more than the masters covered by the License Agreement, including, but not limited to the Copyrighted Work.

40.     The Copyrighted Work is not included and/or is not subject to the Licensing Agreement. Specifically, the song subject to the Copyrighted Work is not one of the songs listed in the "Exhibit A" attachment to the Licensing Agreement. The Copyrighted Work is also not a master recording, album, single, 7", 12" remix and/or EP that has ever been owned and released, or unreleased, by New Image Records and has never been a part of the New Image Records Catalog.

41.     Even if the Copyrighted Work was included in the Licensing Agreement, Defendants have never paid Plaintiff the statutorily required mechanical royalties.

42.     Defendants, individually and/or collectively, have illegally copied, displayed, and made available for download the Copyrighted Work – without authorization – on at least Youtube.com.

43.     In 2024, Plaintiff has learned that Defendants, individually and/or collectively, have illegally copied, displayed, and made available for download the Copyrighted Work – without authorization -- on the music platform Spotify.

44.     Moreover, within the last year, Plaintiff has learned through communications with Defendant, The Orchard, that Essential Media Group has made works owned by Plaintiff, possibly including the Copyrighted Work, available to unknown third parties, outside the scope of any

agreement between Essential Media Group and The Orchard, and has done so without Plaintiff's authorization.

45.     The Copyrighted Work was made available by Defendants to the public, knowing that Defendants were not and are not the owners of the Copyrighted Work, and without Plaintiff's authorization.

46.     Defendant Essential Media Group, via the actions undertaken by Defendant Barwick and Defendant S. Klein, individually and/or in concert, willfully disregarded Plaintiff's rights in and to the Copyrighted Work and have committed the act of copyright infringement in violation of 17 U.S.C. §501.

47.     Defendant The Orchard willfully, or at the very least recklessly, disregarded Plaintiff's rights in and to the Copyrighted Work and have committed the act of copyright infringement in violation of 17 U.S.C. §501.

48.     Further, rather than discontinue its infringement upon being put on notice by Plaintiff, Defendant Essential Media Group elected to file suit against Plaintiff in the County Court for the 11th Judicial Circuit, in and for Miami Dade County, Case No. 2022-042330-CC-05 using Plaintiff's notice information relevant to this suit as a basis to support the county court lawsuit.

49.     Defendants have further committed copyright infringement in failing to, individually and/or collectively, pay royalties to Plaintiff for the exploitation, distribution, and/or copying of the Copyrighted Work as required under 17 U.S.C. §115. *See Acuff-Rose Music, Inc. v. May (In re May)*, 2006 LEXIS 3239 (N.D. Ga.2006) (*citing Peer Intern. Corp. v. Latin American Music Corp.*, 161 F.Supp.2d 38, 52-53 (D. P.R. 2001) ("Failure to pay royalties under 17 U.S.C. § 115 generally gives rise to an action for the intentional tort of copyright infringement*")). Essex*

*Music, Inc. v. ABKCO Music & Record, Inc.*, 743 F.Supp. 237, 241 (S.D.N.Y.1990) ("it is beyond dispute that non-payment of royalties can constitute copyright infringement").

50.     Defendants' obligation to enter into compulsory mechanical licenses with Plaintiff is defined by 17 U.S.C. §115.

51.     All Defendants have significant experience in licensing copyrighted music and are aware of the requirement to obtain licenses and to pay royalties.

52.     For at least a decade, Defendant Essential Media Group has survived and prospered on its acquisition of music catalogs of past and future hits and relies on being able to obtain and retain diverse music catalogs via acquisition, licensing, and/or sub-licensing agreements.

53.     Defendant Barwick, Defendant P. Klein, and Defendant S. Klein have been the managing members of Defendant Essential Media Group since inception and thus have over a decade's worth of experience in the music licensing and distribution industry.

54.     For over twenty-five (25) years, Defendant The Orchard has operated as an American music and entertainment company, specializing in media distribution.

55.     Given the respective experience of all Defendants in the music distribution industry, each of the Defendants knew or should have known that Plaintiff was entitled to be paid mechanical royalties under 17 U.SC.§ 115 in relation to the Copyrighted Work, and that their joint and/or individual failures to do so would harm Plaintiff.

56.     As it relates specifically to Defendant Essential Media Group, it has also not paid Plaintiff any mechanical royalties in relation to a single song subject to the Licensing Agreement.

57.     The bad acts described herein are just one of many committed by, minimally, Defendant Essential Media, at the direction and/or under approval given by Defendant Barwick, Defendant P. Klein, and/or Defendant S. Klein but which Defendant The Orchard also knowingly

financially benefits from. Specifically, Defendant Essential Media has also illegally copied, reproduced, and distributed, the following songs owned by Plaintiff, presumably taken when Plaintiff provided his masters for Defendant Barwick to copy the masters allowed pursuant to the License Agreement , absent his authorization, and went so far as to include the words "New Image" across the album covers or a description identifying the song as 7" or 12" remix to make it appear as if the songs were produced by New Image Records and/or authorized by Plaintiff to be copied, reproduced, distributed or otherwise exploited:

    a.    Sinnamon Featuring Brenda Jones – Say It Again (Sinnamon Featuring Brenda Jones – Say It Again (2014, CDr) - Discogs)

    b.    Thin Line (Spotify – Thin Line - song and lyrics by Sinnamon);

Sinnamon – Once You Get Started (Sinnamon – Once You Get Started (2012, CDr) - Discogs)

    c.    I Need You Now ((5) I Need You Now (Sure Is Pure Mastermix) - YouTube)

    d.    I Need You Now ((5) I Need You Now (Disco Brothers 12" Remix) - YouTube)

    e.    I Need You Now ((5) I Need You Now (Acappella) - YouTube)

58.    Defendant Essential Media has also illegally copied, reproduced, distributed, and exploited the following songs, which were produced under a separate label company, IMG International, owned by Plaintiff:

    a.    Give Me All Your Lovin'- song and lyrics by Wanda Dee

    b.    When I think of You – Sinnamon

59.    Plaintiff is entitled to redress for Defendants' unauthorized use of the Copyrighted Work for which each Defendant, individually and collectively, have received a financial benefit

from and for Defendants' failure to pay Plaintiff its statutory-mandated royalties in relation to the Copyrighted Work.

60.     Plaintiff is considering filing the required copyright registrations to pursue redress for all other songs discussed above.

61.     Plaintiff has engaged the undersigned attorney and has agreed to pay him a reasonable fee.

<u>**COUNT I**</u>

<u>**COPYRIGHT INFRINGEMENT OF PA0000222689 THROUGH UNAUTHORIZED COPYING, DISPLAYING, AND DISTRIBUTION**</u>

62.     Plaintiff incorporates the allegations of paragraphs 1 through 61 of this Amended Complaint as if fully set forth herein.

63.     The Copyrighted Work is a musical work for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

64.     Plaintiff owns a valid copyright in the Copyrighted Work.

65.     Defendants copied, displayed, and distributed the Copyrighted Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

66.     Defendants performed the acts alleged herein in the course and scope of their business activities.

67.     Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, or in reckless disregard of Plaintiff's rights in the Copyrighted Work and has enabled Defendants to illegally obtain profit therefrom.

68.     As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

69.     Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

70.     Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendants' willful infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

71.     Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II

## COPYRIGHT INFRINGEMENT OF PA0000222689 THROUGH FAILURE TO OBTAIN A COMPULSORY LICENSE

72.     Plaintiff incorporates the allegations of paragraphs 1 through 61 of this Amended Complaint as if fully set forth herein.

73.     The Copyrighted Work is a musical work for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

74.     Plaintiff owns a valid copyright in the Copyrighted Work.

75.     Defendants have failed to pay to Plaintiff the statutorily mandated mechanical royalties due in relation to the Copyrighted Work.

76.     Defendants failed to seek a compulsory license to use the Copyrighted Work pursuant to 17 U.S.C. §115.

77.     In order to obtain a compulsory license, Defendants were required to serve a notice of intention to the Plaintiff no later than 30 calendar days after, making, and before distributing of the Copyrighted Work. 17 U.S.C. §115(b)(1).

12

78.     No such notice of intention was served on the Plaintiff by the Defendants for the Copyrighted Work.

79.     Failure to serve the notice of intention forecloses the possibility of a compulsory license, and absence of a voluntary license, is actionable as an act of infringement under 17 U.S.C. §501. 17 U.S.C. §115(b)(4).

80.     Plaintiff did not voluntarily license the Copyrighted Work to the Defendants and therefore Defendants failure to serve a notice of intention to Plaintiff seeking a compulsory license of the Copyrighted Work is an act of copyright infringement.

81.     Pursuant to 17 U.S.C. §115(b)(4), Plaintiff is entitled to remedies under 17 U.S.C. §502-504.

82.     Defendants performed the acts alleged herein in the course and scope of their business activities.

83.     Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, or in reckless disregard of Plaintiff's rights in the Copyrighted Work and has enabled Defendants to illegally obtain profit therefrom.

84.     As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

85.     Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

86.     Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendants' willful infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

87. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT III
## CONTRIBUTORY/VICARIOUS INFRINGEMENT OF PA0000222689

88. Plaintiff incorporates the allegations of paragraphs 1 through 61 of this Amended Complaint as if fully set forth herein.

89. Defendants have known, or have had reason to know, that they, individually and/or collectively, have no rights in and/or to the Copyrighted Work.

90. Defendants knew, or had reason to know, individually and/or collectively, that they never received authorization from Plaintiff to use, license, copy, distribute, or otherwise exploit the Copyrighted Work itself, much less hold itself out as an entity or individual authorized to grant these permissions to other unauthorized third parties.

91. Defendants, individually and/or collectively, had the right and ability to supervise the infringing conduct committed as each had the right and ability to ensure proper authorization from Plaintiff was provided, prior to engaging in the infringing conduct described herein.

92. In engaging in the course of conduct described above, Defendants, individually and/or collectively, knowingly and intentionally induced, caused, and/or materially contributed to the infringement committed by third parties.

93. Defendants, individually and/or collectively, performed the foregoing acts in the course and scope of their respective business activities.

94. Defendant Essential Media Group's, Defendant Barwick's, Defendant P. Klein's and Defendant S. Klein's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, that they owned no rights to the Copyrighted Work, and have enabled themselves and Defendant The Orchard to illegally obtain profit therefrom.

14

95.    Defendant The Orchard's infringing conduct alleged herein was minimally in reckless disregard of Plaintiff's rights in the Copyrighted Work and has enabled it to illegally obtain profit therefrom.

96.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Darryl Payne, requests judgment against Defendants, Essential Media Group, LLC and The Orchard Enterprises, Inc. as follows:

A.    That Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, including enhanced damages for willful infringement, as provided in 17 U.S.C. § 504;

B.    That Defendants be required to pay the mechanical royalties Plaintiff is statutorily entitled to;

C.    That Defendants be required to pay damages in an amount to be determined at trial for its acts of contributory and/or vicarious copyright infringement, including punitive and exemplary damages for its willful conduct;

D.    That Plaintiff be awarded interest, including prejudgment and post-judgment interest, on the foregoing sums, according to law;

E.    That this Court issue a permanent injunction enjoining Defendants, and their respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them from directly or indirectly infringing in any manner the Copyrighted Work, including the immediate removal of the Copyrighted Work from all online and offline platforms within Defendants' custody or control;

F.     That Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

G.     That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues for which there is a right to a jury trial.

DATED this __18__ day of April 2024.

Respectfully Submitted,

BEUSSE SANKS, PLLC
157 East New England Avenue, Suite 375
Winter Park, Florida 32789
Telephone:     (407) 644-888
Facsimile:     (407) 645-3200
Email: tsanks@firstiniplaw.com
***Attorneys for Plaintiff, Darryl Payne dba Darryl Payne Music***

/s/Terry M. Sanks
Terry M. Sanks
Florida Bar No. 0154430

## **VERIFICATION**

DARRYL PAYNE d/b/a DARRYL PAYNE MUSIC

By _Delfa_

Print Name _DARRYL PAYNE_

Date _4/17/24_

STATE OF _NEVADA_

COUNTY OF _CLARK_

The foregoing Amended Complaint was reviewed by me, and the statements alleged herein are factual and true to the best of my knowledge.

Executed this __17__ day of __APRIL__, 2024, by _____, Darryl Payne who is ☐ Personally known to me; or ☑ Produced identification - Identification produced: _DRIVER LICENSE_.

_[signature]_

Notary Public
Printed Name: _EVELYN LOPEZ_
Commission No. _23-4794-01_
My Commission Expires: _01/10/2027_

(NOTARY SEAL)

Notary Public - State Of Nevada
COUNTY OF CLARK
**EVELYN ALICIA LOPEZ**
My Appointment Expires
January 10, 2027
No. 23-4794-01

17