**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 24-cv-21119-RAR**

DARRYL PAYNE d/b/a
DARRYL PAYNE MUSIC,
an Individual,

    Plaintiff,

v.

ESSENTIAL MEDIA GROUP, LLC
A Florida Limited Liability Company, RAMA
BARWICK, an Individual, PAUL KLEIN,
An Individual, SHARON KLEIN, an Individual,
and THE ORCHARD ENTERPRISES
INC., a Delaware corporation,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**AMENDED COMPLAINT AND/OR STRIKE CERTAIN CLAIMS**

Defendants, ESSENTIAL MEDIA GROUP, LLC ("Essential"), RAMA BARWICK ("Barwick"), PAUL KLEIN ("Paul"), SHARON KLEIN ("Sharon"), and ORCHARD ENTERPRISES NY, INC. (formerly known and incorrectly sued as THE ORCHARD ENTERPRISES INC.) ("The Orchard") (collectively "Defendants"), hereby bring this Motion to Dismiss Plaintiffs' Amended Complaint [DE 14] (the "Motion"), pursuant to Fed. R. Civ. P. 8 and 12(b)(6), and in support assert as follows:

## I. OVERVIEW

Plaintiff filed a Complaint to which Defendants filed a Motion to Dismiss, and Plaintiff amended his complaint. Plaintiff's Amended Complaint alleges three copyright infringement

claims against Essential, its 3 officers and its alleged distributor, and The Orchard regarding the composition but NOT the sound recording "It's alright / D. Payne, C. Peyton, J. Smith." (the "Composition") that should all be dismissed. The copyright registration is attached as Ex. D to the Amended Complaint [DE 14-4].

The Amended Complaint should be dismissed against all Defendants because each cause of action is barred by the Copyright Act's three-year statute of limitations under 17 U.S.C. § 507(b).  Plaintiff first gained knowledge of the alleged infringement in December 2020, (see DE 14 ¶ 26), but waited until March 22, 2024 to file this action.  Accordingly, his Amended Complaint is untimely and should be dismissed.

The Amended Complaint should also be dismissed because Plaintiff improperly grouped all Defendants into singular claims, and because Plaintiff lacks standing. Lastly, the vicarious copyright infringement claim is unsupported as a matter of law as are the claims for statutory damages and attorney's fees.  Distilled down, Plaintiff, at best, has a claim for disgorgement that occurred within 3 years which is less than $1,000 … hardly worthy of a federal lawsuit. Further, the Plaintiff improperly grouped all Defendants into singular claims.

## II. MOTION TO DISMISS STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d

929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

### III.     ARGUMENT AND LAW IN SUPPORT

**(1)     Plaintiff Improperly Pleads a Claim of Direct and Vicarious Copyright Infringement Against all Defendants as a Group**

The Court should dismiss Plaintiff's copyright claims because the claims are based on impermissible "group" allegations with respect to the claims against all Defendants. Indeed, "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is improper. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *Keppel v. Nocco*, Case No. 8:20-cv-3003-KKM-TGW (M.D. Fla. Sept. 24 2021) (citing *Quality Auto Painting Ctr. Of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1275 (11th Cir. 2019)) ("[W]hen alleging that a group of defendants committed a certain action, a plaintiff still must give fair notice to each of the defendants regarding what conduct that are alleged to have committed."); *see also Adamou v. Cnty. of Spotsylvania*, No. 1:12-cv-07789 (ALC) (SN), 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016) ("Pleadings that fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim."); *Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *6 (S.D.N.Y. Nov. 19, 2013) (rejecting "group pleading" that treats defendants "as a

unit"); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)  ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy [Rule 8's] minimum standard….").

Here, Plaintiff engages in impermissible group pleading that fails to provide notice to each defendant of what conduct the defendant is being accused of committing. Many of the Plaintiff's allegations use the phrase "Defendants, individually and/or collectively" committed an alleged act. (*See, e.g.*, DE 14, ¶¶ 8, 9, 43, and 49.  This type of allegation obscures the nature of Plaintiff's allegations and requires a defendant to speculate whether the allegation concerns its conduct. Accordingly, Plaintiff's Amended Complaint should be dismissed for failure to state a claim and to provide the notice to Defendants that Fed. R. Civ. P. 8 requires.

Moreover, as an attempt to plead vicarious liability, Plaintiff incorporates all of his Amended Complaint's common allegations, including its allegations that all Defendants are direct infringers. This form of "shotgun" pleading requires the dismissal of Plaintiff's vicarious infringement claim against all Defendants. Plaintiff's allegation that all Defendants directly infringed Plaintiff's copyright negates, rather than pleads, their secondary liability.  A defendant cannot be both directly and vicariously liable for the same alleged infringement. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)) ("[S]econdary liability for copyright infringement does not exist in the absence of direct infringement by a *third party*.") (emphasis added).

For example, in the recently-decided *Sound & Color, LLC v. Smith*, the plaintiff brought direct and secondary copyright infringement claims against all 25 defendants relating to the creation of a purportedly infringing song. 2023 U.S. Dist. LEXIS 34402, at *4 (C.D. Cal. Feb. 28, 2023).  The court granted the defendants' motion to dismiss the plaintiff's secondary infringement

claims, holding they "cannot be secondarily liable for their own direct infringement." *Id.* at *47-48. Addressing plaintiff's argument that it was not attempting to claim the moving defendants were simultaneously liable for direct and secondary copyright infringement, the court explained that to the extent that the plaintiff's claims for secondary copyright infringement were based on directly infringing conduct other than what it alleged, Plaintiff was required to state which defendants took what specific actions in support these claims. *Id.* Because it failed to do so, dismissal was appropriate. *Id.; see also Smith v. Weeknd*, 2019 WL 6998666, at *1-2 (C.D. Cal. Aug. 23, 2019) (dismissing secondary copyright infringement claims on motion to dismiss, holding that because "a defendant cannot be secondarily liable for that defendant's own direct infringement" plaintiffs could not offer "a theory that defendants are simultaneously directly and secondarily liable").

The same is true here, and if Plaintiff believes that Defendants engaged in direct infringement and secondary infringement, it must identify which Defendants are directly/secondarily infringing its copyrighted work and what they did, that gives rise to the liability.  For this reason alone, Plaintiff's claim for vicarious copyright infringement must fail.

### (2) Plaintiff Fails to Allege Facts Plausibly Establishing Any Defendant's Right and Ability to Supervise Any Allegedly Infringing Activity

As an additional defect in Plaintiff's claim for vicarious copyright infringement, Plaintiff fails to plead factual allegations that The Orchard had the "right and ability to supervise" any direct infringer.  To plead a claim for vicarious copyright infringement, a plaintiff must allege (1) "the right and ability to supervise," and (2) "a direct financial interest" in the profits of the infringing activity.  *See Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC,* No. 19-cv-80488-BLOOM/Reinhart, 2019 U.S. Dist. LEXIS 132023, at *7 (S.D. Fla. Aug. 6, 2019) (quoting *Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1287 (M.D. Fla. 2010));

*see also Luvdarts*, *LLC v AT and T Mobility LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013) (quoting *A&M Records*, 239 F.3d at 1022). A plaintiff asserting vicarious copyright infringement must allege facts plausibly establishing that the defendant had that right and ability. *Luvdarts*, 710 F.3d at 1071 (affirming dismissal of vicarious infringement claim where plaintiff failed to address the ability to supervise because it "failed to allege facts that plausibly show that [defendants] could implement an effective system [of supervision][,] what that system is, how it would function, or how much implementing such a system would cost").

Here, Plaintiff alleges only bare conclusions as to all Defendants. Plaintiff nowhere alleges which Defendants supervised which others, or which Defendants contracted with which others, or any other facts regarding these relationships or contracts. As a result, Plaintiff's allegations are merely a conclusory statement of the elements of the claim, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nowhere does Plaintiff say how any Defendant had the right and ability to supervise the infringing activity attributed to it. Further, Plaintiff alleges that Defendants "knowingly and intentionally induced, caused, and/or materially contributed to the infringement committed by third parties" (DE 14 ¶92), without explaining what any of the Defendants knew, or how their actions contributed to the infringement of another.

Put simply, Plaintiff does not allege any facts establishing that any Defendant had or has the "right and ability" to supervise anything, let alone the allegedly infringing activity. *See Kilina Am., Inc. v. Bonded Apparel, Inc.*, 2019 WL 8065854, at *2 (C.D. Cal. Nov. 19, 2019) ("Merely alleging that the Defendants had the 'right and ability to supervise the infringing conduct' lacks the requisite detail to sustain a claim that [d]efendants had supervisory authority over the infringer's conduct."); *Softkeeters, Inc. v. Regal W. Corp.*, 2019 WL 4418820, at *8 (C.D. Cal.

June 17, 2019) (same); *Kuhmstedt v. Enttech Media Grp., LLC*, 2022 WL 1769126, at *3 (C.D. Cal. Apr. 11, 2022) (vicarious copyright infringement claim brought by plaintiff's counsel dismissed where plaintiff's counsel made conclusory recitals of elements of the claim without factual allegations in support). Plaintiff's failure to plausibly allege that The Orchard had the "capacity to supervise [allegedly infringing activity] is fatal to a claim of vicarious liability." *Luvdarts*, 710 F.3d at 1072. For this reason alone, Plaintiff's claim against The Orchard for vicarious liability is properly dismissed.

### (3)     Plaintiff Also Fails to Allege The Orchard's Required Direct Financial Interest

The second requirement for vicarious copyright infringement is that the allegedly vicariously liable defendant have "a direct financial interest" in the activity. *Affordable Aerial Photography*, 2019 U.S. Dist. LEXIS 132023, at *7; *Luvdarts*, 710 F.3d at 1071. A vicarious infringement claim must provide factual content establishing "a causal link between the infringing activities and a financial benefit to" the vicariously liable defendant. *Perfect 10, Inc. v. Giganews*, Inc., 847 F.3d 657, 673.

Here, Plaintiff fails to plead a direct financial interest. Absent pleading facts providing notice of the causal link between the purported infringement and the financial benefit derived from it, a Plaintiff cannot survive a motion to dismiss. *See, e.g.*, *Giganews*, 847 F.3d at 673. Indeed, courts have held similarly conclusory allegations are not sufficient to survive a motion to dismiss. *See Music Force, LLC v. Sony Music Holdings Inc.*, 2020 WL 5733258, at *4 (C.D. Cal. Aug. 12, 2020) (plaintiff offered insufficient and conclusory allegations regarding purported financial benefit where it alleged only that defendant had a financial interest in infringing publications and distributions of songs on websites such as youtube.com but did not plead facts describing how infringing recordings, supposedly available on third-party websites, directly

benefited defendant); *Klauber Brothers, Inc. v. Salvage*, 2019 WL 8064031, at *7 (C.D. Cal. Feb. 22, 2019) (court granted defendant's motion to dismiss for "vicarious and/or contributory copyright infringement" where the plaintiff offered near identical language to that which appears in Plaintiff's SAC, including that it had a "direct financial benefit [from] the infringing conduct."). The same is true here.

### (4) The Amended Complaint is Barred by the Statute of Limitations

Plaintiff's action is barred by the Copyright Act's three-year statute of limitations. *See* 17 U.S.C. § 507(b). Under the Act, causes of action must be asserted within three years after the claim has accrued. 17 U.S.C. § 507(b). A copyright infringement claim accrues when a plaintiff "<u>learns, or should as a reasonable person have learned that the defendant was violating his rights</u>." *James W. Ross, Inc. v. Cecil Allen Constr., Inc.*, 2004 U.S. Dist. LEXIS 7521, No. 6:03-cv-792-ORL28KRS, 2004 WL 1146104, at *2 (M.D. Fla. Apr.26, 2004) (quoting *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004)) (emphasis added); *see also Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., specially concurring).

Under the Eleventh Circuit's discovery accrual rule, "claims about the ownership of a copyright are timely if a plaintiff files suit within three years of when the plaintiff knew or reasonably should have known that the defendant violated the plaintiff's ownership rights." *Nealy v. Warner Chappell Music, Inc*., 60 F.4th 1325, 1327 (11th Cir. 2023). Though a copyright infringement claim separately accrues with each infringing act, "[w]here the gravamen of a copyright infringement suit is ownership, and a freestanding ownership claim would be time-barred, any infringement claims are also barred." *Webster v. Abbott*, No. 8:17-cv-01795-T-02CPT, 2018 U.S. Dist. LEXIS 221710, at *8-9 (M.D. Fla. Nov. 30, 2018) (citing *Lott-Johnson v. Estate of Goreau*, 1:14-cv-03104-WSD, 2015 U.S. Dist. LEXIS 92091, 2015 WL 4389979, at *3 (N.D.

Ga. July 15, 2015) (citations omitted); *see also Black Box Royalties, Inc. v. Universal Music Publ'g, Inc.*, No. 1:15-cv-04013, 2017 U.S. Dist. LEXIS 141058, 2017 WL 3508727, at *6-7 (N.D. Ga. Feb. 21, 2017) (finding claims time-barred where the gravamen of the dispute was ownership).

As stated in Plaintiff's Complaint, in December 2020, Plaintiff "became aware" of the purported infringement of the exact copyrighted work at issue. (See DE 14, ¶ 26). This knowledge must have accrued in the first couple of days of December 2020, since on December 4, 2020, Plaintiff informed Defendant Essential Media of its alleged infringement. (See ECF 1 ¶ 27). This letter did not stop the accrual of time, since 17 U.S.C. § 507(b) states that <u>causes of action</u> must be asserted.  Therefore, since Plaintiff's Complaint was filed on March 22, 2024, the time accrued between Plaintiff's knowledge of infringement and asserted cause of action was over three years, and accordingly is untimely. Further, the "gravamen" of Plaintiff's claims rely on ownership of the sound recording "It's alright".  Plaintiff even mentions that "…Defendant Essential Media Group elected to file suit against Plaintiff…." (See De 14, ¶ 46). Plaintiff is indeed correct that Essential sued Plaintiff for declaratory judgment regarding the ownership status of the rights in the same sound recording. (Case No.: 2022-042330-CC-05).  Plaintiff's acknowledgment and inclusion of same in their Complaint to rebut ownership of certain rights in the sound recording at issue reinforce the fact that this instant action solely revolves around ownership of copyright rights. Any possible infringement claim based on Defendant's alleged infringement of the sound recording at issue that would have a later accrual date than December 4, 2020, is still barred by 17 U.S.C. § 507(b) since Plaintiff's claim of ownership is ultimately barred. *See Webster v. Abbott*, No. 8:17-cv-01795-T-02CPT, 2018 U.S. Dist. LEXIS 221710, at *8 (M.D. Fla. Nov. 30, 2018). Thus, Plaintiff's complaint should be dismissed in its entirety since all causes of action are time-barred under 17 U.S.C. § 507(b).

## IV.     CONCLUSION

For all of the foregoing reasons, Defendants respectfully request an order: (1) dismissing this action because Plaintiff's group pleading fails to provide proper notice to Defendants of the claims alleged against them; (2) dismissing Plaintiff's vicarious infringement claim against all Defendants for failure to state a claim; (3) dismissing this action in its entirety as time-barred because it was filed over three years after Plaintiff first gained knowledge of the purported infringement; (4) awarding Defendants attorney's fees and costs as a prevailing party; and (5) granting such other and further relief as the Court deems just and proper.

### RULE 7.3 CERTIFICATION

The undersigned lawyer certifies that he in good faith, attempted to meet and confer with counsel for Plaintiffs to resolve this dispute, but was unable to come to a resolution.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Defendants*
Latitude One Offices
175 SW 7th Street, Suite 2410
Miami, FL 33130
Phone:  305-384-7370
Fax:       305-384-7371

By: */s/ Richard C. Wolfe*
RICHARD C. WOLFE
Florida Bar No.: 355907
rwolfe@wolfelawmiami.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of May, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system,

which will send a notice of electronic filing to all counsel of record.