UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21119-RAR

**DARRYL PAYNE**,

    Plaintiff,

v.

**ESSENTIAL MEDIA GROUP LLC**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint and/or Strike Certain Claims ("MTD"), [ECF No. 25], filed on May 2, 2024. The Court has reviewed the MTD; Plaintiff's Verified Amended Complaint for Copyright Infringement ("Amended Complaint"), [ECF No. 14]; Plaintiff's Response in Opposition to the MTD, [ECF No. 33]; and Defendants' Reply in Support of the Motion, [ECF No. 35]; and heard oral argument regarding the Motion on June 6, 2024 ("Hearing"), [ECF No. 39]. For the reasons discussed below and stated on the record during the Hearing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, [ECF No. 25], is **GRANTED IN PART**.

## BACKGROUND

### I. Factual Background

Before the Court is Plaintiff Darryl Payne's three-count Amended Complaint alleging two counts of Copyright Infringement and one count of contributory/vicarious infringement in violation of Section 501 of the Copyright Act, 17 U.S.C. §§ 101 *et seq*. *See generally* Am. Compl.

Plaintiff is a well-known music producer who has been involved in the music industry for several decades and owns thousands of audio and video recordings of performances by several major recording artists. Am. Compl. ¶ 2. By his Amended Complaint, Plaintiff seeks monetary and injunctive relief in connection with Defendants' alleged intentional infringement of Plaintiff's copyrighted work registered under Registration Number PA0000222689 ("Copyrighted Work"). Am. Compl. ¶¶ 2; 96A–G. Plaintiff's Amended Complaint names as Defendants several individuals and entities: Essential Media Group LLC ("Essential"); Rama Barwick ("Barwick"); Paul Klein ("P. Klein"); Sharon Klein ("S. Klein"); and The Orchard Enterprises Inc. ("Orchard"). *See generally* Am. Compl.

The Amended Complaint alleges the following with respect to each specific Defendant. Defendant Essential Media Group is a record label and music publisher engaged in business in Miami-Dade County and Broward County, Florida. Am. Compl. ¶ 3. Defendant Barwick is a Managing Member of Defendant Essential and resides in this District. Am. Compl. ¶ 4. Defendant P. Klein is a Managing Member of Defendant Essential and resides in this District. Am. Compl. ¶ 5. Defendant S. Klein is a Managing Member of Defendant Essential and resides in this District. Am. Compl. ¶ 6. And Defendant Orchard is a music distributor and label service company operating an office in Miami, Florida, which specializes in the marketing, sale, and distribution of music, video, and film for record labels and recording artists in the United States and around the world. Am. Compl. ¶ 7.

In 1983, Plaintiff co-wrote and produced a musical work titled "It's alright/ D. Payne, C. Peyton, J. Smith" ("Copyrighted Work"). Am. Compl. ¶ 19. On or about May 24, 1984, Plaintiff registered the Copyrighted Work with the Register of Copyrights. Am. Compl. ¶ 20. The Copyrighted Work was assigned Registration Number PA0000222689. Am. Compl. ¶ 20. On or

about August 8, 1983, Plaintiff executed an assignment of the Copyrighted Work to Warner-Tamerlane Publishing Corporation, Doraflo Music Publishing, and Darryl Payne Music. Am. Compl. ¶ 21. A copy of the assignment was recorded with the Copyright Office on December 27, 1984. Am. Compl. ¶ 21. According to Plaintiff, the Copyrighted Work is wholly original and the result of its creators' creativity, one of whom Plaintiff claims to be. Am. Compl. ¶ 23. Plaintiff also claims to be one of the owners of rights, title, and interest in the Copyrighted Work. Am. Compl. ¶ 24. Of note, the Copyrighted Work is fixed in either a digital media format or a physical format. Am. Compl. ¶ 23. According to Plaintiff, no Defendant ever had any rights in and/or to the Copyrighted Work nor did any Defendant compensate Plaintiff to exploit or distribute the Copyrighted Work. Am. Compl. ¶¶ 32–33.

Notably, Plaintiff concedes that in November 2011, Plaintiff and Essential entered into a Licensing Agreement—signed by Barwick on behalf of Essential—that granted Essential rights to exploit and distribute specific recordings and compositions owned by Plaintiff. Am. Compl. ¶¶ 34–35. But Plaintiff maintains that the Copyrighted Work was not covered by that Licensing Agreement. Am. Compl. ¶ 40. And according to Plaintiff, in December of 2020, he became aware that Defendant Essential and its agents were copying, displaying, and distributing the Copyrighted Work without Plaintiff's authorization. Am. Compl. ¶ 26. Plaintiff further alleges that on December 4, 2020, Plaintiff's counsel informed Essential, via letter addressed to Barwick, of the alleged infringement, noting specifically that, although Plaintiff had licensed certain specified works to be exploited by Essential, the Copyrighted Work was not one of them. Am. Compl. ¶ 27–28. Plaintiff claims that Barwick, P. Klein, and S. Klein personally participated in the infringing activity by approving, supervising, and/or directing the copying, reproduction,

distribution, and exploitation of Plaintiff's Copyrighted Work and ignored Plaintiff's notice of infringement. Am. Compl. ¶¶ 28–30.

Finally, Plaintiff claims he later learned that Orchard had also embarked on a similar course of infringement without Plaintiff's authorization or consent. Am. Compl. ¶ 31. Critically, Plaintiff alleges that as recently as 2024, Plaintiff became aware that Defendants had—without authorization—copied, displayed, and made available for download the Copyrighted Work on the music platform Spotify. Am. Compl. ¶ 43. Plaintiff further alleges that "within the last year, Plaintiff has learned through communications with Defendant, The Orchard, that Essential Media Group has made works owned by Plaintiff, possibly including the Copyrighted Work, available to unknown third parties, outside the scope of any agreement between Essential Media Group and The Orchard, and has done so without Plaintiff's authorization." Am. Compl. ¶ 44.

## II. Procedural History

This action is not the first piece of litigation regarding the Copyrighted Work. On November 22, 2022, Essential filed a complaint against Darryl Payne in Miami-Dade County Court ("State Complaint"), [ECF No. 1-5],[1] advancing one count for declaratory relief under Chapter 86 of the Florida Statutes, along with one count of tortious interference with a contractual business relationship under Florida common law. *See generally* State Complaint. Thus, Essential's State Complaint proceeded entirely under Florida law. *See generally id.*

On March 22, 2024, nearly a year and a half later, Payne—now Plaintiff—filed the instant action, *see* [ECF No. 1], which Payne subsequently amended on April 18, 2024. *See* Am. Compl. The Amended Complaint added additional allegations but no additional claims. *See generally* Am.

---

[1] *See* Case No. 24-CV-21485-RAR.

Compl. On April 19, 2024—the next day—Payne, as named Defendant in the State Complaint, removed that action to this Court. *See* [ECF No. 1].[2]

On April 24, 2024, Essential filed a Motion to Remand, [ECF No. 19], in which Essential's counsel argued that Payne had improperly removed the State Complaint and asked the Court, in relevant part, to remand *both* actions to Miami-Dade County Court. Mot. at 8–9. On May 29, 2024, the Court remanded the State Complaint to Miami-Dade County Court while directing that the instant action remain before this Court. *See* [ECF No. 36]. Finally, on June 6, 2024, the Court held oral argument on the MTD. *See* [ECF No. 39].

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 556). "[T]he standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp.*, 550 U.S. at 556). "[W]hen plaintiffs 'have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.'" *Id*. (quoting *Bell Atl. Corp.*, 550 U.S. at 570). Further, when evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all inferences in favor of the plaintiff. *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017). And the "court must limit its consideration to the pleadings and exhibits attached to the

---

[2] *See* Case No. 24-CV-21485-RAR.

pleadings." *Gubanova v. Miami Beach Owner, LLC*, No. 12-22319, 2013 WL 6229142, at *1 (S.D. Fla. Dec. 2, 2013) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)).

## ANALYSIS

### I. The Amended Complaint is a Shotgun Pleading

The Eleventh Circuit has routinely condemned "shotgun pleadings" because they are a "waste [of] scarce judicial resources." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four types or categories of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The first type are pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Second are pleadings that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third category encompasses pleadings that do "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. And fourth are pleadings that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. And "[w]hen alleging that a group of defendants committed a certain action, a plaintiff must still give fair notice to each of the defendants regarding what conduct they are alleged to have committed." *Keppel v. Nocco*, No. 8:20-CV-3003-KKM-TGW, 2021 WL 4391839, at *7 (M.D. Fla. Sept. 24, 2021) (citing *Quality Auto Painting Ctr. Of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1275 (11th Cir. 2019)) ("If Keppel had alleged with particularity how the Defendants 'subjected' him to these Internal Affairs Complaints, lumping the Defendants together might have been

sufficient to give fair notice. But Keppel, in failing to identify which specific conduct subjected him to the Internal Affairs Complaints nor which Defendant was responsible for that conduct, fails to give the Defendants fair notice of what fraudulent conduct they each allegedly committed.").

As Plaintiff acknowledged at the Hearing, Plaintiff's Amended Complaint constitutes the fourth type of shotgun pleading. Specifically, it is unclear from the face of the Amended Complaint which Defendants Plaintiff alleges to be responsible for which infringing acts or omissions. Instead, the Amended Complaint consistently refers to Defendants collectively and generally groups the Defendants' acts and omissions. *See, e.g.*, Am. Compl. ¶¶ 65–68; 89–93. Indeed, Plaintiff alleges only that "[i]n 2024, Plaintiff [] learned that Defendants, individually and/or collectively, have illegally copied, displayed, and made available for download the Copyrighted Work—without authorization—on the music platform Spotify." Am. Compl. ¶ 43.

Relatedly, Plaintiff also simultaneously accuses all Defendants of both direct and vicarious/contributory infringement without sufficiently alleging the nature of the supervisory relationships among the various Defendants. Particularly problematic is Plaintiff's failure to delineate the nature of the relationships between Essential and Orchard and between Orchard and each individually named Defendant. Without more, the Court is unable to assess which Defendants can properly be held liable for which alleged infringing act(s) or omission(s).

Plaintiff's Response cites *BWP Media USA Inc. v. S. Fla. Chron., Inc.*, No. 13-61976, 2015 WL 11181967, at *3 (S.D. Fla. Apr. 20, 2015) in opposition to Defendant's shotgun pleading argument, concluding "Plaintiff's Amended Complaint alleges that not only did all the Defendants commit direct infringement, but that all the Defendants also committed vicarious infringement from the direct infringement of the other Defendants. As such, it is necessary as a matter of law to include the general allegations that each Defendant committed direct infringement of the

Copyrighted Work to then subsequently allege that the Defendants each committed vicarious infringement off of each other." Resp. at 6 (record citations omitted).

But as Defendants' Reply correctly notes, *BWP Media* is unavailing on these alleged facts. In *BWP Media*, the Court found as dispositive the fact that "[e]ach Defendant is alleged to have profited from the direct infringement BWP alleges, and as an owner of the websites containing infringing images, had the right and ability to stop the infringement by the other Defendant." *BWP Media USA Inc.*, 2015 WL 11181967, at *3 (record citations omitted). Here on the other hand, Plaintiff includes only the threadbare and conclusory assertion that "Defendants, individually and/or collectively, had the right and ability to supervise the infringing conduct committed as each had the right and ability to ensure proper authorization." Am. Compl. ¶ 91. This is quintessentially conclusory. The Amended Complaint entirely fails to plead any specific allegations explaining the relationships among the various Defendants, including which Defendants had the right and ability to supervise others. Ultimately, as Plaintiff conceded at the Hearing, additional allegations tying specific acts or omissions to specific Defendants are required. Thus, Counts I through III are **DISMISSED** *without prejudice and with leave to amend*.

**II. The Amended Complaint Fails to State a Vicarious Infringement Claim**

Defendants also argue that Count III of the Amended Complaint should be independently dismissed for failure to state a claim. *See* MTD at 5–8. The Eleventh Circuit has held that for a claim of vicarious copyright infringement, "[t]he defendant must have the right and ability to supervise the infringing activity and must have a direct financial interest." *Millennium Funding, Inc. v. 1701 Mgmt. LLC*, 576 F. Supp. 3d 1192, 1214 (S.D. Fla. 2021), *amended on reconsideration in part*, No. 21-20862, 2022 WL 845468 (S.D. Fla. Mar. 22, 2022) (citing *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1282 (S.D. Fla. 2012); *Casella v. Morris*, 820 F.2d 362, 365

(11th Cir. 1987)). As explained below and at the Hearing, the Amended Complaint fails to state a vicarious infringement claim as to any one Defendant.

### A. Direct Financial Interest

"First, to successfully allege a direct financial interest, the plaintiff must allege that the defendant profited directly from the infringing activity." *Id.* (citing *Coach, Inc.*, 916 F. Supp. 2d at 1282; *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007)). As currently written, the Amended Complaint insufficiently alleges the direct financial interest via profits accruing to specific Defendants. The Amended Complaint's allegations specific to Count III state in conclusory fashion that Defendants obtained illegal profits from the alleged infringements. Indeed, the Amended Complaint fails to include specific allegations describing the nature of this financial interest and each Defendant's specific role in the alleged infringement arrangement. While Plaintiff's Response appears to provide additional details concerning the alleged financial interest of The Orchard, "a plaintiff may not amend its complaint in response to a motion to dismiss." *In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 676 (N.D. Tex. 2013); s*ee also Huls v. Llabana*, 437 F. App'x 830, 831 n.5 (11th Cir. 2011) (explaining that a "[p]laintiff may not amend his complaint through argument in a brief opposing summary judgment."). Notably, even if such a procedure were permissible, the specific financial interests of the other Defendants would still be insufficiently pleaded to state a vicarious infringement claim. Accordingly, Plaintiff has insufficiently pleaded a direct financial interest as to all Defendants.

### B. Right to Supervise and Control

Second, since all Defendants are accused of vicarious infringement, even if the Amended Complaint adequately alleged a direct financial benefit with respect to each Defendant, the

Amended Complaint would also need to allege that each Defendant accused of vicarious infringement had the right and ability to supervise and control the infringing activities of the others. *See Coach, Inc.*, 916 F. Supp. 2d at 1282. In general, the "plaintiff must establish that the defendant exercises the requisite control over the direct infringer." *Millennium Funding, Inc.*, 576 F. Supp. 3d at 1215 (quoting *Venus Fashions, Inc. v. ContextLogic, Inc.*, No. 3:16-CV-907-J-39MCR, 2017 WL 2901695, at *12 (M.D. Fla. Jan. 17, 2017)). "Furthermore, the plaintiff must allege that the defendant has a 'practical ability to police the infringing activities of [third parties] as opposed to suggesting measures that are imprecise, overbroad or not workable.'" *Id.* (quoting *Venus Fashions, Inc.*, 2017 WL 2901695, at *12).

The Amended Complaint fails to sufficiently allege that each Defendant accused of vicarious infringement had the right or ability to control the infringing activity at issue. Plaintiff's Response states, with respect to The Orchard only, that:

> The infringing upload was provided by The Orchard Enterprises and was posted on behalf of @ 2013 Essential Media Group, LLC. There is clearly a business relationship between The Orchard Enterprises and Essential Media Group, LLC based on this upload. The Orchard clearly had power to stop or limit the infringement by not posting the infringing activity. Furthermore, upon information and belief, there is a long-standing business relationship between the Defendant The Orchard and the other Defendants and agreements in which the extent of Defendant The Orchard's control over the uploading of songs on-line control in their business relationship.

Resp. at 7. But none of these allegations appear anywhere in the Amended Complaint. And again, "[p]laintiff may not amend his complaint through a response to a motion to dismiss." *In re Kosmos*, 955 F. Supp. 2d at 676.

As discussed at the Hearing, Defendants' Supplemental Authority, *Cleveland Constantine Browne, et al. v. Donalds, et al.*, No. 2:21-cv-02840-AB-AJR (C.D. Cal. May 28, 2024) further supports this analysis. *See* [ECF No. 38-1] at 35–38. Accordingly, as conceded at the Hearing,

Plaintiff has insufficiently pleaded any one Defendant's right to supervise or control any other Defendant as it relates to the vicarious infringement count. The Court notes that the additional, specific allegations in the Response—*e.g.*, the allegations concerning the purported agreements and business relationship between Essential and The Orchard as noted above—might suffice to satisfy the supervision or control element of a vicarious infringement claim with respect to The Orchard *vis a vis* Essential. But even if these allegations were added to a future amended complaint, they would still be insufficient to establish vicarious infringement with respect to the other Defendants.

Finally, at the Hearing, Plaintiff conceded the substance of the above analysis and agreed to include additional specific allegations to substantiate his vicarious liability claim.[3] Accordingly, Count III is **DISMISSED** *without prejudice and with leave to amend*.

### III. Defendants' Statute-of-Limitations Argument Fails

Finally, the MTD argues the Amended Complaint should be dismissed in its entirety as time-barred by the Copyright Act's three-year statute of limitations. MTD at 8–9 (citing 17 U.S.C. § 507(b)). Specifically, Defendants contend that, because the gravamen of this infringement action concerns ownership of the Copyrighted Work, the statute of limitations bars the entire infringement claim. *Id.* at 8. Plaintiff responds that, because Plaintiff learned in 2024 of infringements committed on Spotify, Am. Compl. ¶ 43, the limitations period on Plaintiff's infringement claim restarted in 2024 and thus has not yet expired. Resp. at 10–13.

Under the Copyright Act, causes of action must be asserted within three years after the claim has accrued. *See* 17 U.S.C. § 507(b). The Copyright Act's three-year statute of limitations has prompted divergent theories regarding when an infringement claim accrues and the scope of

---

[3] Plaintiff also indicated that in the contemplated Second Amended Complaint, The Orchard may be dropped from the vicarious liability claim and the individually named Defendants might also be dropped.

permissible monetary relief. *See Warner Chappell Music, Inc. v. Nealy*, 144 S. Ct. 1135, 1140–41 (2024) (Gorsuch, J., dissenting). Under the discovery rule, a copyright ownership claim accrues, and therefore the limitations period starts, "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights." *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023) (citing *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020)). In other words, "claims about the ownership of a copyright are timely if a plaintiff files suit within three years of when the plaintiff knew or reasonably should have known that the defendant violated the plaintiff's ownership rights." *See Warner Chappell Music, Inc.*, 144 S. Ct. at 1140–41 (Gorsuch, J., dissenting); *see also Nealy*, 60 F.4th at 1327.

Under the "incident of injury rule" of accrual, a copyright infringement claim is viable if it is brought within three years of the infringement occurring. *See id.* at 1141. Thus, under the incident of injury rule, each time an infringing work is reproduced or distributed, the infringer commits a new wrong and the "statute of limitations runs separately from each violation." *See Petrella v. Metro–Goldwyn–Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014). In *Nealy*, the Supreme Court reviewed the temporal scope of permissible relief under the discovery rule and declined to establish a uniform rule to determine the timeliness of a claim, assuming instead that the discovery rule applied, since petitioner did not challenge the Eleventh Circuit's reliance upon that rule below. 144 S. Ct. at 1139 ("We have never decided whether that assumption is valid—*i.e.*, whether a copyright claim accrues when a plaintiff discovers or should have discovered an infringement, rather than when the infringement happened.").

Under Eleventh Circuit precedent, "where the 'gravamen' of a copyright claim is ownership, the discovery rule dictates when a copyright plaintiff's claim accrues." *Nealy*, 60 F.4th

at 1330 (citing *Webster*, 955 F.3d at 1276). Further, "[a] plaintiff cannot avoid a statute of limitations defense 'by portraying an action as one for infringement when copyright ownership rights are the true matter at issue.'" *Black Box Royalties, Inc. v. Universal Music Publ'g, Inc.*, No. 1:15-CV-04013-ELR, 2017 WL 3508727, at *6 (N.D. Ga. Feb. 21, 2017) (quoting *Lott-Johnson v. Estate of Goreau*, No. 1:14-cv-03104-WSD, 2015 WL 4389979, at *3 (N.D. Ga. July 15, 2015)). But "[i]n a typical copyright infringement case, where ownership is not the gravamen of the claim, ownership is not an issue because the dispute is 'based on whether copying infringed on a plaintiff's rights or whether the materials taken were original.'" *Black Box Royalties, Inc.*, 2017 WL 3508727, at *6 (quoting *Lott-Johnson*, 2015 WL 4389979, at *3).

The Copyright Act's three-year statute of limitations does not bar Plaintiff's infringement claims here. That's because Plaintiff alleges that, as recently as 2024, Plaintiff became aware that Defendants had—without authorization—copied, displayed, and made available for download the Copyrighted Work on the music platform Spotify. Am. Compl. ¶ 43. The Amended Complaint further alleges that "within the last year, Plaintiff has learned through communications with Defendant, The Orchard, that Essential Media Group has made works owned by Plaintiff, possibly including the Copyright Work, available to unknown third parties, outside the scope of any agreement between Essential Media Group and The Orchard, and has done so without Plaintiff's authorization." Am. Compl. ¶ 44. And notwithstanding the MTD's arguments to the contrary, Defendants' counsel conceded at the Hearing that the gravamen of this dispute concerns licensing—not ownership.

Accordingly, because the Amended Complaint includes allegations of infringements that both occurred and were discovered within the last year, Plaintiff's claim is not time-barred. *See* Am. Compl. ¶¶ 43–44. However, as discussed at the Hearing, the scope of recovery for these

alleged infringements appears to be limited to 2024, since the remaining allegations in the Amended Complaint concern alleged infringements that were discovered and/or occurred in December 2020 or earlier. *See generally* Am. Compl.

### IV. Defendants' Request for Fees Is Denied

Defendants also request attorneys' fees and costs as a prevailing party under the Copyright Act. *See* MTD at 10; *see also* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.").

Defendants' request for attorneys' fees is premature and thus denied. *See*, *e.g.*, *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186, 1190 (S.D. Fla. 2019) (holding "dismissals without prejudice in general, usually do *not* qualify parties for prevailing party status."); *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (explaining "for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'"); *Interim Healthcare Inc. v. Suncoast Loving Care, LLC*, No. 18-60766, 2018 WL 6620314, at *3 (S.D. Fla. Nov. 28, 2018), *report and recommendation adopted*, 2018 WL 6978625 (S.D. Fla. Dec. 28, 2018) ("Although Defendants prevailed in having the [plaintiff's] breach of contract claims dismissed in the federal court, they have not prevailed in the overall litigation . . . ."); *Szabo Food Servs. Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076–77 (7th Cir. 1987) (holding defendant was not prevailing party where complaint was dismissed without prejudice because the dismissal did "not decide the case on the merits . . . The defendant remains at risk"); *Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) (noting that to be a prevailing party, "a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought").

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, [ECF No. 25], is **GRANTED IN PART**. Counts I, II, and III are **DISMISSED** *without prejudice and with leave to amend*. As agreed upon by the parties at the Hearing, Plaintiff shall file a Second Amended Complaint in compliance with this Order on or before **June 28, 2024**. Failure to timely file a Second Amended Complaint shall result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Miami, Florida, this 8th day of June, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**